UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| WILLIAM EASTMAN, et al., Plaintiffs, v. ALLSTATE INSURANCE COMPANY, Defendant. | Case No.: 14-cv-00703-WQH (WVG) **ORDER DETERMINING DISCOVERY DISPUTE** [Doc. No. 56] |
|---|---|

## I.     INTRODUCTION

Before the Court is the parties' Joint Motion for Determination of a Discovery Dispute, filed on February 2, 2016. (Joint Mot. Determ'n. Disc. Dispute, Doc. No. 56.) The Court heard argument during a telephonic conference on February 3, 2016. Stacy King appeared on behalf of plaintiffs William Eastman and Patricia Eastman ("Plaintiffs") and Nathan S. Arrington appeared on behalf of defendant Allstate Insurance Company ("Allstate"). The Court advised the parties of its decision at the conclusion of the conference. This written order follows.

The instant motion presents two questions. The first question is whether Allstate may reopen the depositions of two witnesses deposed initially during fact discovery and who subsequently produced reports as retained experts. The Court has little difficulty in finding that Allstate's need to depose the witnesses concerning their expert reports warrants

1

Allstate in reopening the depositions and exceeding the total of seven hours of testimony for each deposition usually allowed under Federal Rule of Civil Procedure ("Rule") 30(d)(1).

The second question is whether Allstate, as the party seeking discovery, is required to compensate the experts not only for their testimony—which Allstate has agreed to do—but also for their time spent preparing for the depositions. *See* Fed. R. Civ. P 26(E)(i) ("Unless manifest injustice would result, the court must require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)."). This issue has divided the federal courts. This Court holds that, in the absence of extenuating circumstances, the deposing party is not required to compensate the expert for his or her preparation time. Extenuating circumstances are not present in this case and Allstate is therefore not required to compensate the experts for their preparation time.

Because this motion presented truly justiciable issues, the Court denies Allstate's request for sanctions.

## II.   BACKGROUND

This is an insurance coverage dispute arising from a fire at Plaintiffs' home and Allstate's investigation into Plaintiffs' resulting insurance claim. Plaintiffs commenced this action in California Superior Court in January 2013. (Compl., Doc. No. 1-4.) Allstate removed the case to this Court on March 27, 2014. (Notice of Removal, Doc. No. 1.)

The Court entered a Scheduling Order on March 23, 2015. (Scheduling Order, Doc. No. 20.)  The Scheduling Order set the fact-discovery cutoff for August 24, 2015; the initial exchange of expert designations for September 24, 2015; the initial exchange of expert reports for November 9, 2015; and the expert-discovery cutoff for January 11, 2016. (*Id.*) The Court subsequently extended the fact-discovery cutoff to September 30, 2015, (Doc. No. 34) and extended the expert discovery cutoff to February 29, 2016, (Doc. No. 53).

To assist them with their insurance claim, Plaintiffs hired Mario Zanelli, a

contractor, to produce a construction estimate for repairs to their home. (Joint Mot. Determ'n. Disc. Dispute 4, Doc. No. 56.) Plaintiffs hired Seb Ficcadenti, an engineer, to prod-uce an engineering report. (*Id.*) Plaintiffs provided both documents to Allstate in support of their claim. (*Id.*)

After the commencement of this litigation, Allstate issued subpoenas to both Mr. Zanelli and Mr. Ficcadenti. (*Id.* at 4-5.) In response to these subpoenas, Mr. Zanelli made a production of 1,045 pages; Mr. Ficcadenti made a production of 574 pages. (*Id.*)

Allstate also noticed the deposition of both witnesses. On August 27, 2015, one day prior to Mr. Zanelli's scheduled deposition, Plaintiffs faxed Allstate a letter identifying Mr. Zanelli and Mr. Ficcadenti as retained experts and requesting that Allstate compensate the witnesses for their deposition testimony. (*Id.* at 27, "Ex. 3".) Allstate agreed to do so and Mr. Zanelli's deposition went forward on August 28, 2015. (*Id.* at 31, "Ex. 4".) Mr. Zanelli's deposition was cut short at the request of the witness and a second day of testimony was scheduled for September 28, 2015. (*Id.* at 32; *id.* at 45, "Ex. 6".)

On September 10, 2015, Allstate took Mr. Ficcadenti's deposition. (*Id.* at 86, "Ex. 10".) The deposition lasted approximately four hours and forty-five minutes. (*Id.* at 4.) On September 24, 2016, Plaintiffs formally designated Mr. Zanelli and Mr. Ficcadenti as retained experts. (*Id.* at 39-41, "Ex. 5".) On September 28, 2015, Allstate took additional testimony from Mr. Zanelli. (*Id.* at 45, "Ex. 6".) In total, the two volumes of Mr. Zanelli's deposition comprised approximately six hours and forty minutes of testimony. (*Id.* at 4.) The parties exchanged expert reports on November 9, 2015, and exchanged supplemental expert reports on December 9, 2015. (Joint Mot. Extend Time 2, Doc. No. 53.)

On December 23, 2015, the parties jointly moved to extend the expert discovery cutoff to February 29, 2016. (*Id.*) The Joint Motion contained a representation that "the parties have scheduled their respective experts' depositions." (*Id.* at 2.) The Joint Motion also set forth a schedule for the depositions of eleven experts, including those of Mr. Zanelli and Mr. Ficcadenti. (*Id.*) In support of the motion, one of Plaintiffs' attorneys, Stacy M. King, submitted a declaration in which she averred that Mr. Ficcadenti had no availability

3

in January 2016. (Doc. No. 53-1, at 2.) The Court granted the Joint Motion, and in doing so noted, prematurely, as it turns out, that the parties had made "diligent and apparently collaborative efforts to construct a detailed and firm schedule for the deposition of the experts." (Doc. No. 54.)

Allstate then issued deposition subpoenas to both Mr. Zanelli and Mr. Ficcadenti. (Joint Mot. Determ'n. Disc. Dispute 8-25, Doc. No. 56, "Exs. 1 and 2".) Plaintiffs objected to the subpoenas. (*Id.* at 5.) A meet and confer failed to resolve the dispute. (*Id.* at 1.) The parties filed the instant joint motion for determination of discovery dispute on February 2, 2016. (*Id.*)

Although Plaintiffs now agree that the depositions may be reopened, they contend that Mr. Zanelli's deposition should be limited to one and half hours and that Mr. Ficcadenti's deposition should be limited to two and a half hours. (*Id.* at 3.) Plaintiffs also contend that Allstate should pay both for the experts' appearances at the depositions and for the experts' preparation time. (*Id.* at 2.) Allstate, for its part, contends that it is entitled to an additional five hours to depose each expert. (*Id.* at 6.) And although Allstate has agreed to compensate the experts for their appearances at the depositions, it declines to pay for their preparation time. (*Id.*) Allstate requests that the Court impose sanctions on Plaintiffs and/or Plaintiffs' counsel for forcing Allstate to bring the instant motion. (*Id.*)

### III.   DISCUSSION

#### A.   Allstate's Request to Reopen the Depositions

The scope of discovery under the Federal Rules of Civil Procedure is broad and extends to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "A party may depose any person who has been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4)(A). "[A] deposition is limited to 1 day of 7 hours" unless "otherwise stipulated or ordered by the court." Fed. R. Civ. P. 30(d)(1). However, "[t]he court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine

the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." *Id.*

In general, "[a] party who seeks leave of court to exceed the limit of one day of seven hours 'is expected to show good cause to justify such an order.'" *Hernandez v. Best Buy Co., Inc.*, 2014 WL 5307175, at *1 (S.D. Cal. Oct. 15, 2014) (quoting Fed. R. Civ. P. 30(d), Advisory Committee Note (2000 Amendment)). However, with regard to expert witnesses, "there may more often be a need for additional time—even after the submission of the report required by Rule 26(a)(2)—for full exploration of the theories upon which the witness relies." Fed. R. Civ. P. 30(d), Advisory Committee Note (2000 Amendment). Other relevant factors include: (1) whether the deposition is prolonged by the need for the witness to review voluminous documents; and (2) whether documents have been produced subsequent to the deposition that were requested, and should have been produced, prior to the deposition. *Id.*

The Court finds that Allstate has demonstrated good cause for additional time to depose both Mr. Zanelli and Mr. Ficcadenti. Several factors bear on this determination.

First, Mr. Zanelli and Mr. Ficcadenti are hybrid fact and expert witnesses who will testify on issues central to this case, including the necessity, practicability and cost of repairs to the Eastmans' home. Such a hybrid role is not uncommon in insurance disputes, *see, e.g.*, *ACF Western USA, Inc. v. Travelers Casualty Insurance Company of America*, 2012 WL 5838865, at *4 (E.D. Cal. Nov. 16, 2012) ("As a structural engineer who has first-hand observations of the subject properties' damage, as well as someone who provided opinions on the cause of the damage, [the witness] was in a position to offer testimony both as a percipient witness as well as a Rule 26 expert."), and is a factor that favors additional deposition time, *see*, *Indianapolis Airport Authority v. Travelers Property Cas. Co. of America*, 2015 WL 4458903, at *5 (S.D. Ind. July 21, 2015) (granting additional time for deposition of hybrid expert and fact witness). Here, the witnesses' hybrid roles and the importance of the issues on which they will testify weigh in favor of an extension of the usual deposition limits.

The second relevant factor is the timing of Plaintiffs' disclosures regarding these witnesses. These witnesses were only identified as expert witnesses shortly before their initial depositions commenced (in Mr. Zanelli's case, on the eve of his deposition) and only formally disclosed as retained experts after Mr. Ficcadenti's deposition was complete and Mr. Zanelli's deposition was underway. Even more significantly, Plaintiffs produced expert reports for these witnesses (of 255 pages in Mr. Zanelli's case and 164 pages in Mr. Ficcadenti's case) only *after* the completion of their depositions. These facts weigh heavily in favor of permitting Allstate additional deposition time. *See Allstate Ins. Co. v. Nassiri*, 2011 WL 2975461, at *10 (D. Nev. July 21, 2011) (granting additional seven hours for deposition of witness disclosed as an expert only after being deposed as Rule 30(b)(6) representative); *cf. Apple Inc. v. Samsung Electronics Co. Ltd.*, 2012 WL 1511901, at *12 (N.D. Cal. Jan 27, 2012) (granting additional time where relevant documents were produced only after the completion of a witnesses initial seven-hour deposition).

The Court is not persuaded by Plaintiffs' objections under Rules 26(b)(4)(A) and 30(2)(A)(2). Under Rule 26(b)(4)(A), the deposition of any expert required by Rule 26(a)(2)(B) to produce a report "may be conducted only after the report is provided." Plaintiffs did not raise this objection at the time of the initial depositions and cannot now be heard to fall back on Rule 26(b)(4)(A) and argue that the *initial* depositions were improper. That argument has been waived.

Plaintiffs' Rule 30(a)(2)(A)(ii) argument fares no better. That rule provides that a party "must obtain leave of court" before seeking to take a deposition when the deponent has previously been deposed in the case and the parties do not stipulate to a further deposition. Fed. R. Civ. P. 30(a)(2)(A)(ii). Courts have disallowed the taking of a second deposition to penalize violation of this rule. *See, e.g.*, *In re Sulfuric Acid Antitrust Litigation*, 230 F.R.D. 527, 529 (N.D. Ill. 2005). While the Court makes no finding regarding whether Plaintiffs actually agreed to the reopening of the depositions at issue here, the Court *does* find, based on the evidence presented on this motion, that it would have been eminently reasonable for Allstate to believe Plaintiffs had so stipulated. Plaintiffs,

after all, joined a motion in which the parties represented to the Court that these very depositions had been scheduled for particular dates and that venues had been chosen. Thus, even if Allstate's failure to seek leave of court constituted a technical violation of Rule 30(a)(2)(A)(ii), the Court would not, for that reason, and on this record, bar Allstate from going ahead with the depositions. That would be too large a penalty for too small a foul.

The Court finds good cause to permit Allstate to depose each witness for an additional four hours. Both deponents are hybrid fact and expert witnesses who were only formally designated as retained experts at around the time of their initial depositions and who produced expert reports only after the completion of their initial depositions. As such, the Court regards Plaintiffs' belated objection to the reopening of these depositions as involving more than a little gamesmanship. The Court does not, however, permit the full five hours requested by Allstate, because the Court finds that Allstate has not been blameless in this affair. Both parties are represented by experienced counsel who should have anticipated this issue and planned accordingly. Had they done so, considerable time and effort could have been saved.

### B. Fees of the Expert Witnesses

The Court must also decide whether Rule 26(b)(4)(E)(i) requires Allstate to pay for the time that spent by the experts in preparation for their depositions.

"Unless manifest injustice would result, the court must require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)." Fed. R. Civ. P. 26(b)(4)(E)(i). "[T]he basic proposition [underlying Rule 26(b)(4)(E)(i)] is relatively straightforward—a party that takes advantage of the opportunity afforded by Rule 26(b)(4)(A) to prepare a more forceful cross-examination should pay the expert's charges for submitting to this examination." 8 Wright & Miller, Federal Practice and Procedure § 2034 (3d Ed.).

There has, however, "been considerable disagreement among courts regarding what activities qualify as 'time spent in responding to discovery.'" *Fulks v. Allstate Property and Casualty, Ins. Co.*, 2016 WL 447628, at *2 (S.D. W.Va. Feb. 4, 2016). As relevant

7

14-cv-00703-WQH (WVG)

here, courts within the Ninth Circuit and beyond have divided on the question of whether Rule 26(b)(4)(E)(i) requires the inquiring party to reimburse the expert for his or her preparation time. *See Borel v. Chevron U.S.A. Inc.*, 265 F.R.D. 275, 277 (E.D. La. 2010) (noting split in authority and citing cases). A number of courts have held that reasonable preparation time is reimbursable. *See, e.g.*, *United States ex rel. Liotine v. CDW-Government, Inc.*, 2012 WL 1252982, at *2 (S.D. Ill. April 13, 2012); *Packer v. SN Servicing Corp.*, 243 F.R.D. 39, 42 (D. Conn. 2007); *Collins v. Vill. of Woodridge*, 197 F.R.D. 354, 355 (N.D. Ill 1999); *Profile Products, LLC v. Soil Mgmt. Techs., Inc.*, 155 F. Supp. 2d. 880, 886 (N.D. Ill. 2001); *Borel*, 265 F.R.D. at 277; *Lent v. Fashion Mall Partners, L.P.*, 223 F.R.D. 317, 318 (S.D.N.Y. 2004); *Mannarino v. United States*, 218 F.R.D. 372, 376 (E.D.N.Y. 2003). Other courts have reached the same conclusion on reimbursement for preparation time but have specifically excluded any time that the expert spends in consultation with the retaining party's attorney. *See, e.g.*, *Mock v. Johnson*, 218 F.R.D. 680, 683 (D. Hawaii 2007); *All Cities Realty, Inc. v. CF Real Estate Loans, Inc.*, 2008 WL 10594412, at *6 (C.D. Cal. March 14, 2008); *Ndubizu v. Drexel Univ.*, 2011 WL 6046816, at *3 (E.D. Pa. Nov. 16, 2011); *Waters v. City of Chicago*, 526 F. Supp. 2d. 899, 901 (N.D. Ill. 2007); *Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 647 (E.D.N.Y. 1997); *Hose v. Chicago & North Western Transp. Co.*, 154 F.R.D. 222, 228 (S.D. Iowa 1994). Other courts (and this appears to be a minority view) have held that preparation time is not "time spent in responding to discovery" reimbursable under Rule 26(b)(4)(E)(i). *See, e.g.*, *Rock River Commc'ns, Inc. v. Universal Music Grp.*, 276 F.R.D. 633, 637 (C.D. Cal. 2011). A final line of decisions holds that preparation time is only reimbursable in complex cases, or in extenuating circumstances. *See, e.g.*, *3M Co. v. Kanbar*, 2007 WL 2972921, at *3 (N.D. Cal. 2007); *Fiber Optic Designs, Inc. v. New England Pottery, LLC*, 262 F.R.D. 586, 594 (D. Colo. 2009); *M.T. McBrian, Inc. v. Liebert Corp.*, 173 F.R.D. 491, 493 (N.D. Ill. 1997); *S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 154 F.R.D. 212, 214 (E.D. Wis. 1994); *Rhee v. Witco Chem. Corp.*, 126 F.R.D. 45, 47 (N.D. Ill. 1989). There is no Ninth Circuit authority on point and no consensus among district courts within this circuit.

The Court begins its analysis by noting its respectful disagreement with those courts that have found that the plain language of the rule mandates fee-shifting for time that experts spend in deposition preparation. *See, e.g.*, *All Cities Realty*, 2008 WL 10594412, at \*6 ("The plain language of [the rule] permitting recovery for 'time spent in responding to discovery' encompasses time spent in deposition preparation."); *Lent*, 223 F.R.D. at 318 ("[The rule] clearly contemplates remuneration for time spent responding to discovery requests, which would include reasonable preparation for a deposition."); *Waters*, 526 F. Supp. 2d at 901 (finding that "the literal language" of the rule requires fee-shifting for expert preparation). The Court finds that the language of the rule is too vague to directly dispose of the issue at hand. *See Fiber Optic Designs*, 262 F.R.D. at 591 ("[The rule] does not specifically address whether fees can be recovered for time spent preparing for a deposition.").[1]

The Court is also not persuaded by the oft repeated suggestion that mandatory fee-shifting for expert preparation ultimately benefits the inquiring party by facilitating smoother and more economical use of deposition time. *See, e.g.*, *Magee*, 172 F.R.D. at 647 (fee-shifting "facilitates the deposition process by avoiding repeated interruptions to enable the witness to refresh his recollection by consulting"); *Hose*, 154 F.R.D. at 228 ("[C]ompensating [the expert] for his time spent reviewing Plaintiff's medical records speeds the deposition process along, thereby saving on costs."); *Mock*, 218 F.R.D. at 683 (same). There are doubtless some attorneys who will send an expert into a deposition unprepared, but there are surely very few inquiring attorneys who complain. Moreover, to the extent

---

[1] The relevant Advisory Committee Note also provides only the most limited guidance. The Note states, without further elaboration, that "the expert's fees for the deposition will ordinarily be borne by the party taking the deposition." Fed. R. Civ. P. 26, Advisory Committee Note (1993 Amendments). As the U.S. District Court for the Central District of California has observed, "[t]he Advisory Committee Note's use of the phrase 'for the deposition' suggests that the shifting of expert fees is limited to the fees attributable to the deposition itself." *Rock River Commc'ns*, 276 F.R.D. at 634. However, as that court correctly conceded, the Advisory Committee Note "could be construed differently," and is not dispositive. *Id.*

that the inquiring party wishes to ensure that an expert is well-prepared, that party may voluntarily pay for the expert's preparation time. Mandatory fee-shifting is not required.

Three additional concerns counsel against requiring the inquiring party to pay for the expert's preparation. The first concern is that, while the interests of the inquiring party and those of the expert are adverse, the inquiring party has no control over how much time the expert spends preparing for a deposition. This separation of benefit and control from payment may encourage the retained expert to over prepare, thus increasing the overall cost of the deposition. *See Rock River Commc'ns*, 276 F.R.D. at 636.

The second concern is that judges are in an extremely poor position to determine whether a particular amount of preparation time is reasonable in any particular case. Experts are people, not machines, and different people work and think in different ways. The needs of different cases also vary widely. A reasonable amount of preparation time in a case in which $50,000 is at stake may be a wholly deficient amount of preparation time in a case in which $5,000,000 is at stake. Or the amount at issue may not correlate to the amount of time reasonably required to prepare. Faced with these variables, several courts have adopted rules of thumb that impose arbitrary limits on reimbursable preparation time, frequently limiting expert preparation time to the actual length of the deposition. *See, e.g.*, *Constellation Power Source, Inc. v. Select Energy, Inc.*, 2007 WL 188135, at *8 (D. Conn. Jan. 23, 2007) (limiting reimbursable expert preparation time to the number of hours actually consumed by deposition); *EEOC v. Johnson & Higgins, Inc.*, 1999 WL 32909, at *2 (S.D.N.Y. Jan. 21, 1999) (same). However, the use of such predictable and arbitrary rules may encourage over preparation, as experts make use of the full amount of time allowed by the court rather than the amount of time that they actually need, thus increasing overall costs.

The third concern is that an expert's deposition preparation may include elements undertaken not to increase the efficiency of the deposition but rather to assist the expert in resisting cross-examination or in preparing for trial. Courts have noted the unfairness of requiring the inquiring party to subsidize such essentially hostile activities. *See, e.g.*, *Rhee*,

126 F.R.D. at 47 ("[T]ime spent 'preparing' for a deposition entails not only the expert's review of his conclusions and their basis, but also consultation between the responding party's counsel and the expert to prepare the expert to best support the responding party's case and to anticipate questions from [opposing] counsel. An expert's deposition is in part a dress rehearsal for his testimony at trial and thus his preparation is part of trial preparation. One party need not pay for the other's trial preparation."); *Rock River Commc'ns*, 276 F.R.D. at 636 ("[A]n expert's deposition preparation may encompass a variety of tasks that contribute little or nothing to the efficiency of the deposition, are largely unrelated to the deposition, or are undertaken for an entirely partisan purpose."). To mitigate the unfairness of allowing the expert to "play offense" on the deposing party's dime, several courts have held that any time that the expert spends in consultation with the retaining attorney is not subject to fee shifting under Rule 26(b)(4)(E)(i). *See, e.g.*, *All Cities Realty*, 2008 WL 10594412, at *6 ("[T]he Court must avoid charging the opponent for the deposing party's ordinary trial preparation … [and so] will not reimburse fees for the experts' time spent in conference with counsel prior to the depositions."). Such a rule addresses the fairness concern, but poses additional administrative concerns for the courts and only makes the process of deposition preparation more cumbersome and inflexible for both attorneys and experts.

The Court therefore holds that fee-shifting for expert preparation is the exception, not the rule, and is only required in extenuating circumstances.[2] The Court must next decide whether such circumstances are present in this case. In so doing, the Court does not write on a blank slate, but is guided by other courts that have similarly construed Rule 26(b)(4)(E)(i). The *Rhee* court, for instance, noted that reimbursement of expert preparation time may be appropriate "in a complex case where the expert's deposition has been

---

[2] The Court stops short of holding that mandatory fee-shifting never applies to expert preparation time because the Court regards the deliberately vague language of the rule as an indication of the drafters' intent that courts examine the facts and circumstances of each case to determine whether fee-shifting is justified.

repeatedly postponed over long periods of time by the seeking party causing the expert to repeatedly review voluminous documents." 126 F.R.D. at 47. In *S.A. Healy*, the court similarly recognized an "exception to the general rule [against reimbursement] in complex cases where there has been a considerable lapse of time between an expert's work on a case and the date of his actual deposition." 154 F.R.D. at 214. Another court allowed reimbursement for expert preparation fees where the case was "extremely complex" and required the expert to review "voluminous documents." *EEOC v. Sears Roebuck and Co.*, 138 F.R.D. 523, 526 (N.D. Ill. 1991).

Here, the gap in time between the witnesses' last involvement with the case and the depositions here at issue has not been especially great. These two witnesses were deposed as recently as September of last year and produced their expert reports in November. The paper trail does not end there. Mr. Zanelli billed for 72.5 hours work between September 23, 2015 and December 12, 2015. (Joint Mot. Determ'n. Disc. Dispute 67, Doc. No. 56.) And an entry on Mr. Zanelli's timesheet indicates that he spent several days working on this case in early December 2015. (*Id.* at 68-69.) The depositions at issue on this motion were scheduled to go ahead in February. Moreover, although the records involved in this case are properly characterized as voluminous, these witnesses have been heavily involved with the case at all stages and have been deposed once already. They should accordingly have a good sense of what the key documents and issues are. The Court therefore is not convinced that the witnesses' require extensive re-preparation for this new round of depositions. (*Id.* at 53-76 "Exs. 7 and 8".) Nor does the Court find that Allstate is primarily at fault for causing any duplication of effort. The Court therefore finds that the Joint Motion presents no evidence of extenuating circumstances such as would justify an order requiring Allstate to reimburse the Plaintiffs for the time that these expert witnesses spend in preparation for their depositions. *See 3M Co.*, 2007 WL 2972921, at *3 (denying reimbursement of expert fees for preparation time where the case was not especially complex and there were no extenuating circumstances).

### C. Sanctions

Allstate requests that the Court impose sanctions against Plaintiffs in the amount of $860. This represents the two hours that Allstate's attorney, whose hourly rate is $430, expended in preparing Allstate's portion of the Joint Motion. However, both issues that were raised on this motion presented truly justiciable issues. Sanctions therefore are not warranted. *See* Judge Gallo's Chambers Rules, Rule IV(G)(2) ("In the event that the discovery dispute involved a truly justiciable issue, the Court will not impose sanctions."); *see also* Fed. R. Civ. P. 37(a)(5)(A)(ii) (sanctions not appropriate where "opposing party's nondisclosure, response, or objection was substantially justified").

## IV. CONCLUSION

For the reasons stated herein, the Court orders that Allstate is entitled to conduct additional depositions of up to four hours each of both Mario Zanelli and Seb Ficcadenti. Allstate's request for sanctions is denied.

**IT IS SO ORDERED.**

Dated: February 29, 2016

_____
Hon. William V. Gallo
United States Magistrate Judge